IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| JHORDIS DESHON WOODS, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| vs. | * | CRIMINAL NO. 16-00203-KD-B |
| | * | CIVIL ACTION NO. 19-00219-KD-B |
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Respondent. | * | |

**REPORT AND RECOMMENDATION**

Pending before the Court is Petitioner Jhordis Deshon Woods' Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 and the Government's response in opposition to the motion to vacate.[1] (Docs. 44, 47, 48, 50). This action has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 8(b) of the Rules Governing Section 2255 Cases and is now ready for consideration.

The undersigned has conducted a careful review of the record and finds that no evidentiary hearing is required to resolve this case. Kelley v. Secretary for Dep't of Corrs., 377 F. 3d 1317 (11th Cir. 2004). Following a complete review of this action, the undersigned recommends that Woods' habeas petition be **DENIED**. The

---

[1] As discussed herein, the Court granted Woods' motion to amend his motion to vacate to add a claim under Rehaif v. United States, _ U.S. _, 139 S. Ct. 2191, 2200, 204 L. Ed. 2d 594 (2019). (Docs. 48, 53).

undersigned further recommends that, in the event that Woods files a certificate of appealability and seeks to appeal *in forma pauperis,* said requests likewise should be **DENIED**.

I. **PROCEDURAL HISTORY**

On December 22, 2016, Woods entered a plea of guilty to Count One of the indictment charging the offense of possession of a firearm by a prohibited person (felon) in violation of 18 U.S.C. § 922(g)(1). (Docs. 20, 21). On May 19, 2017, Woods was sentenced to a ninety-two month term of imprisonment, followed by three (3) years of supervised release. (Doc. 39). The judgment was entered on the docket on May 30, 2017. (Id.). Woods did not appeal the judgment but, rather, filed a notice of non-appeal on May 25, 2017. (Doc. 38).

Almost two years later, on April 29, 2019,[2] Woods filed the instant § 2255 motion to vacate. (Doc. 44 at 4-8). Woods raises a number of ineffective assistance of trial counsel claims, including failure to advise of the consequences of pleading guilty, providing erroneous advice on Woods's potential sentence, failure to object to the probation officer's report, failure to object to the

---

[2] Under the mailbox rule, absent contrary evidence, a prisoner's motion is deemed filed on the date it is delivered to prison officials for mailing. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001). Woods attests that he placed his motion to vacate in the prison mailing system on April 29, 2019. (Doc. 44 at 11). Therefore, that is the date that the Court will use in its analysis.

suppression of evidence, failure to investigate, and failure to object to prosecutorial misconduct.  In addition, Woods requested, and the Court granted, his motion to amend his habeas petition to add a claim under Rehaif v. United States, _ U.S. _, 139 S. Ct. 2191, 2200, 204 L. Ed. 2d 594 (2019).  (Docs. 48, 53).  In its response in opposition to Woods' petition, the Government argues that the petition is due to be denied as untimely and, further, that Woods' claims are wholly without merit.  (Docs. 47, 50).

For the following reasons, the undersigned finds that Woods' petition is untimely and, therefore, recommends that the petition be **DENIED**.[3]

## II. Analysis

Section 28 U.S.C. § 2255(f), which amended the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of:
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme

---

[3] Having found that Woods' petition is untimely, the Court need not address the merits of his claims.

>   Court, if that right has been newly recognized
>   by the Supreme Court and made retroactively
>   applicable to cases on collateral review; or
>
>   (4) the date on which the facts
>   supporting the claim or claims presented
>   could have been discovered through the
>   exercise of due diligence.

28 U.S.C. § 2255(f).

Two subsections of § 2255(f) are arguably applicable to Woods' case: § 2255(f)(1), which calculates the timeliness of the petition from the date the judgment of conviction became final, and § 2255(f)(3), which calculates the timeliness of the petition from the date that the right asserted was initially recognized by the Supreme Court. The Court will evaluate the timeliness of Woods' petition under each of these two sections.

Looking, first, to § 2255(f)(1), the docket reflects that Woods was sentenced on May 19, 2017, and judgment was entered by this Court on May 30, 2017. (Doc. 39). Because Woods did not file an appeal with the Eleventh Circuit Court of Appeals, his judgment became final fourteen (14) days from the date of judgment, or on June 13, 2017. See Fed. R. App. P. 4(b)(1)(A)(i)("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of: (i) the entry of either the judgment or the order being appealed. . . ."); Mederos v. United States, 218 F.3d 1252, 1253 (11th Cir. 2000)(in a § 2255 action where no appeal is filed, the judgment becomes final when

4

the time for filing an appeal expires). Accordingly, Woods had one year, until June 13, 2018, to timely file his § 2255 petition. However, Woods did not file his petition until April 29, 2019 (the date on which the petition was delivered to prison officials for mailing), which is more than ten months *after* the limitation period ended. (Doc. 44). Thus, Woods' petition is due to be dismissed under 28 U.S.C. § 2255(f)(1) unless he can show that another section is applicable or that equitable tolling applies.

In his motion to amend his petition (Doc. 48), which the Court granted, Woods asserts that his case is subject to a new Supreme Court decision, Rehaif v. United States, _ U.S. _, 139 S. Ct. 2191, 2200, 204 L. Ed. 2d 594 (2019). Thus, 28 U.S.C. § 2255(f)(3) is applicable to the Court's inquiry. As discussed, this subsection provides that the limitations period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

In Rehaif, the United States Supreme Court held that, in a felon in possession prosecution "under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." Id., 139 S. Ct. at 2200. Prior to this 2019 decision, the Government was not required "to satisfy a *mens rea* requirement with respect to

5

the status element of § 922." Cobb v. United States, 2020 U.S. Dist. LEXIS 130528, *9, 2020 WL 4210642, *3 (S.D. Ga. June 25, 2020), *report and recommendation adopted,* 2020 WL 4208242 (S.D. Ga. July 22, 2020)(citing United States v. Rehaif, 888 F.3d 1138, 1144 (11th Cir. 2018), *rev'd and remanded*, 139 S. Ct. 2191). The Eleventh Circuit Court of Appeals has determined that the Supreme Court's Rehaif decision clarified the requirements for prosecuting an individual under 18 U.S.C. §§ 922(g) and 924(a)(2) but did not announce a new rule of constitutional law. Id. (citing In re Palacios, 931 F.3d 1314, 1315 (11th Cir. 2019)). The Eleventh Circuit also has recognized that the Supreme Court did not make the case retroactively applicable to cases on collateral appeal. Id. Accordingly, § 2255(f)(3) provides no basis for extending the limitation period for Woods' petition. See Young v. United States, 2020 U.S. App. LEXIS 13914, *3, 2020 WL 4334037, *1 (11th Cir. Apr. 29, 2020)("motion was not timely under § 2255(f)(3) because Rehaif does not constitute a new right made retroactively applicable."); Doss v. United States, 2020 U.S. Dist. LEXIS 109171, *7, 2020 WL 3415547, *3 (N.D. Ala. June 22, 2020)("the limitations period in § 2255(f)(3) does not apply . . . because Rehaif did not announce a new rule of constitutional law made retroactively applicable to cases on collateral review.").

As Woods has not shown that his petition is timely under any of the relevant provisions of 28 U.S.C. § 2255(f), his petition

6

should be considered untimely unless equitable tolling is found to apply. Equitable tolling applies to the statute of limitations set forth in 28 U.S.C. § 2255(f). See Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999); see also Holland v. Florida, 560 U.S. 631 (2010) (holding similar statute of limitations in 28 U.S.C. § 2244(d) is subject to equitable tolling). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland, 560 U.S. at 649 (internal quotation marks omitted); see also Sandvik, 177 F.3d at 1271. The diligence required is "reasonable diligence," not "maximum feasible diligence," see Holland, 560 U.S. at 653, and the extraordinary circumstance prong requires a causal connection between the circumstance and the late filing. San Martin v. McNeil, 633 F.3d 1257, 1267 (11th Cir. 2011).

With regard to equitable tolling, the only possible argument that Woods has asserted to support this claim is a statement in his petition that he did not file an *appeal* in this case because, "[he] had to complete a state sentence that [he] was serving," and because "[his] current institution has been on lockdown so much that [he] did not have the time to research and prepare for [his] appeal." (Doc. 44 at 10). These assertions fall short of establishing the extraordinary circumstances that would justify equitable tolling for filing his motion to vacate.

7

As noted, equitable tolling is appropriate when a petitioner fails to timely file his petition due to extraordinary circumstances beyond his control and unavoidable even with diligence. Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000). The burden firmly rests with the petitioner to establish that he is entitled to the benefit of this extraordinary remedy. Drew v. Department of Corrs., 297 F.3d 1278, 1286 (11th Cir. 2002) *overruled on other grounds by* Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). See also Jones v. United States, 304 F.3d 1035, 1040 (11th Cir. 2002); Johnson v. Florida Dep't of Corrs., 513 F.3d 1328, 1333 (11th Cir. 2008)("Johnson bears the burden of establishing equitable tolling."), *cert. denied sub nom.* Johnson v. McNeil, 555 U.S. 851 (2008); Spottsville v. Terry, 476 F.3d 1241, 1245 (11th Cir. 2007)("The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner[.]")(quoting Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004)).

Almost two years after judgment was entered on Woods's conviction on May 30, 2017[4] (Doc. 39), he filed a *pro se* motion to appoint counsel to assist him with filing for a reduction in sentence on April 12, 2019 (Doc. 42) and, thereafter, on April 29,

---

[4] The docket reflects that, on October 22, 2018, well over a year after the judgment was entered in this case, Woods requested and was provided a copy of the docket sheet. (Doc. 41)

8

2019, he filed the instant motion to vacate. (Doc. 44). Woods then filed a motion to amend his motion to vacate on July 15, 2019, as well as various other motions and letters to the Court. (Docs. 48, 51, 54, 55, 57). These facts establish that Woods was capable of filing a motion to vacate, and his vague assertion that he had to complete a state sentence, and his current federal institution had been on lockdown so much that he did not have time to research and prepare an appeal do not in any way establish that he was prevented for almost two years after his conviction (roughly May 2017 to April 2019) from filing the motion to vacate that he ultimately filed on April 29, 2019. (Doc. 44 at 11). Indeed, Woods has alleged no facts whatsoever regarding when or how often the alleged lockdowns occurred or how he was actually injured by those lockdowns. See Mendez v. United States, 2011 U.S. Dist. LEXIS 124555, *18, 2011 WL 5555876, *6 (M.D. Fla. Oct. 27, 2011)(rejecting petitioner's argument that numerous lockdowns prevented him from timely filing his § 2255 motion to vacate and holding that "[t]he limitations period for filing a § 2255 motion will generally not be equitably tolled based on prison lockdowns. . . . Petitioner must show an actual injury from the lockdown, and how it unconstitutionally prevented him from exercising this fundamental right" and that "the lockdown was not reasonably related to legitimate penological interests")(internal quotation marks omitted)(citing Akins v. United States, 204 F.3d 1086, 1090

(11th Cir. 2000)(petitioner's "failure to explain his inability to file the motion prior to lockdown [is] fatal to his claim of an unconstitutional impediment. The record does not support a finding of actual injury when [petitioner] fails to explain why the seven months prior to lockdown were inadequate to complete and file his motion.").

In sum, Woods has not established that his habeas corpus petition was timely filed, nor has he established that his circumstances warrant equitable tolling. Indeed, he has not alleged the existence of extraordinary circumstances beyond his control that prevented him from filing a timely petition, nor has he met the heavy burden of showing that he exercised reasonable diligence in prosecuting his claims and in bringing forth his habeas petition.

Because Respondent has asserted the defense of statute of limitations, and Woods has failed to meet his burden of establishing extraordinary circumstances justifying the equitable tolling of the AEDPA's limitations period, the undersigned finds that Woods's federal habeas petition should be dismissed as time-barred.

### III. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be **DENIED**. 28 U.S.C. § 2255, Rule 11(a)

("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may be issued only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a habeas petition is being denied, in part, on procedural grounds without reaching the merits of an underlying constitutional claim, "a COA should be issued [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 146 L. Ed. 2d 542 (2000). Where a habeas petition is being denied on the merits of an underlying constitutional claim, a certificate of appealability should be issued only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional

11

right, a demonstration that, under Barefoot v. Estelle, 463 U.S. 880, 893, 103 S. Ct. 3383, 3394 77 L. Ed. 2d 1090 (1983)], includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.") (internal quotation marks omitted); accord Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003).

Woods's petition does not warrant the issuance of a Certificate of Appealability as his petition is clearly time-barred, and he has failed to present extraordinary circumstances beyond his control that prevented him from filing this action in a timely manner. Steed, 219 F.3d at 1300. Under the facts of this case, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Woods should be allowed to proceed further. Slack, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, the undersigned recommends that the Court conclude that no reasonable jurist could find it debatable whether Woods's petition should be dismissed. As a result, Woods is not entitled to a certificate of appealability,

and consequently, he should not be permitted to proceed *in forma pauperis* on appeal.

**IV. CONCLUSION**

For the foregoing reasons, it is recommended that Woods' Motion to Vacate, Set Aside, or Correct Sentence (Doc. 44) be **DENIED** and **DISMISSED** as time-barred and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Jhordis Deshon Woods. The undersigned Magistrate Judge further opines that Woods is not entitled to issuance of a Certificate of Appealability, and as a result, he should not be permitted to appeal *in forma pauperis*.

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(B)(1); **Fed.R.Civ.P.** 72(b); S.D. ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was

informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." *11th Cir. R. 3-1*. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **14th** day of **August, 2020.**

                                         **/s/ SONJA F. BIVINS**
                           **UNITED STATES MAGISTRATE JUDGE**