IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| vs. | ) CRIMINAL ACTION: 1:16-00203-KD-B |
| | ) |
| **JHORDIS DESHON WOODS,** | ) |
|     Petitioner. | ) |

**ORDER**

    This matter is before the Court on Petitioner Jhordis Deshon Woods (Woods)' motion for reconsideration (Doc. 61), Supplement (Doc. 62), and Second Supplement (Doc. 66); Notice (Doc. 63) and Second Notice (Doc. 67); and motion for jail credit (Doc. 64) and Supplement (Doc. 65).

    On September 11, 2020, the Report and Recommendation was adopted, dismissing Woods' habeas petition as time barred, and Judgment issued that date. (Docs. 59, 60). Between November 5, 2020 to January 4, 2021, Woods filed seven post-judgment motions. A review of Woods' motions (Doc. 61-67) reveal that he seeks Section 2255 relief (for a second time) based on <u>Rehaif v. United States</u>, 139 S. Ct. 2191 (2019).

    First, interpreting Woods' motion as filed under <u>Federal Rule of Civil Procedure</u> Rule 59(e), the time to file a motion to reconsider (28 days) has passed: "(e) Motion to Alter or Amend a Judgment. A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Second, the Court is without jurisdiction to consider a second 2255 unless Woods obtains permission from the 11th Circuit. <u>United States v. Dean</u>, 2020 WL 7655426, *2 (Dec. 23, 2020) ("Where, like here, a prisoner has previously filed a <u>§ 2255</u> motion, he must apply for and receive permission from the appellate court before filing a second or successive <u>§ 2255</u> motion. <u>28 U.S.C. § 2255(h)</u>. Without permission from this Court, the district court lacks

jurisdiction to address the motion, and it must be denied and the case dismissed. United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005) (per curiam).").

However, even if this Court considered Woods post-judgment motions, Rehaif is not cognizable in a Section 2255 proceeding. In re Palacios, 931 F.3d 1314, 1315 (11th Cir. 2019) (denying application to file successive 2255 raising Rehaif claims because Rehaif did not announce a new rule of constitutional law and the Supreme Court has not made that decision retroactive in collateral proceedings).

Moreover, even if Rehaif were cognizable, Woods' claim is without merit because he admitted at the guilty plea hearing that he knew he could not possess a firearm because he was a convicted felon. Specifically, on December 22, 2016, Woods plead guilty to the 18 U.S.C. § 922(g)(1) charge against him, and in doing so agreed to the following in his guilty plea factual resume: "WOODS admitted that he knew about the guns in the house, and that he needed them 'to go away' because he wasn't allowed to be around guns due to his felony convictions." (Doc. 21 at 16). As such, it is **ORDERED** that Woods' motions (Docs. 61-67) are collectively **STRICKEN.**

**DONE** and **ORDERED** this the **14th** day of **January 2021.**

                                                 /s/ Kristi K. DuBose
                                                 **KRISTI K. DuBOSE**
                                                 **CHIEF UNITED STATES DISTRICT JUDGE**